```
JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, #204
Sacramento, CA 95814
(916)444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
DARRON DIMITRI ROSS
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 2:18 CR 266 WBS |
| Plaintiff, | ) STIPULATION REGARDING EXCLUDABLE TIME ) PERIODS UNDER SPEEDY TRIAL |
| vs. | ) ACT;[~~PROPOSED~~] FINDINGS ) |
| ERIC LEMOYNE WILLIS and DARRON DIMITRI ROSS, Defendants. | ) Date: June 24, 2019 ) Time: 9:00 a.m. ) Judge: Honorable William B. Shubb ) |

The United States of America through its undersigned counsel, Robert J, Artuz, Assistant United States Attorney, together with counsel for defendant Eric Lemoyne Willis, Daniel Lars Olsen, Esq., and counsel for defendant Darron Dimitri Ross, John R. Manning, Esq., hereby stipulate the following:

    1.   By previous order, this matter was set for status conference on May 6, 2019.

    2.   By this stipulation the defendants now move to continue the status conference until June 24, 2019 and to exclude time between May 6, 2019 and June 24, 2019 under the Local Code T-4 (to allow defense counsel further time to prepare).

    3.   The parties agree and stipulate, and request the Court find the following:

a. Counsel for defendant Darron Dimitri Ross was appointed on February 21, 2019. The government provided the defense with 6,709 pages and a few audio files of discovery as well as a flash drive containing a voluminous amount of cellphone and email data.

b. Counsel for the defendants need additional time to review the discovery, conduct investigation, and interview potential witnesses.

c. Counsel for the defendants believe the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of May 6, 2019, to June 24, 2019, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that provision of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 25, 2019                    /s/  Daniel Lars Olsen
                                         DANIEL LARS OLSEN
                                         Attorney for Defendant
                                         Eric Lemoyne Willis

Dated: April 25, 2019                    /s/  John R. Manning
                                         JOHN R. MANNING
                                         Attorney for Defendant
                                         Darron Dimitri Ross

Dated: April 26, 2019                    McGregor W. Scott
                                         United States Attorney

                                         by:  /s/  Robert J. Artuz
                                         ROBERT J. ARTUZ
                                         Assistant United States Attorney

**ORDER**

It is so found and ordered.

Dated: April 29, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE