1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12   UNITED STATES OF AMERICA,          No. 2:18-cr-266-01 WBS

13              Plaintiff,

14       v.                             ORDER

15   ERIC LEMOYNE WILLIS,

16              Defendant.

17

18                            ----oo0oo----

19          Defendant Eric Lemoyne Willis was sentenced to 48

20   months' imprisonment after pleading guilty to conspiracy to

21   defraud the United States under 18 U.S.C. § 371, theft of

22   government property under 18 U.S.C. § 641, and aggravated

23   identity theft under 18 U.S.C. § 1028A, based on his diversion of

24   Social Security benefit payments while he worked at the Social

25   Security Administration.  He now moves to reduce his sentence by

26   four months under 18 U.S.C. § 3582(c)(2).[1]  (Docket No. 279.)

27   _____

28          [1]   Defendant Darron Dimitri Ross has also filed a pro se
     motion to reduce his sentence under Amendment 821, with a

                                    1

Defendant Willis moves for a sentence reduction under the retroactive application of Amendment 821, based on its "zero point offender" provision.  Under Amendment 821's zero point offender provision, a defendant's total offense level is reduced by two levels if he has no criminal history points and none of the listed disqualifying factors.  U.S.S.G. § 4C1.1(a).  The government agrees that defendant is technically eligible for a sentence reduction as a zero point offender but argues that the court should deny a reduction given the seriousness of his crimes and the harm to his victims, and to provide deterrence to other potential offenders.  (Docket No. 284.) The court agrees.

I.   Original Sentencing

At sentencing, after some discussion with the parties, the court ultimately determined that defendant's total offense level was 21 and his criminal history category was I.  The court otherwise adopted the presentence report's calculations, including the determination that defendant had no criminal history points.  (Docket No. 219 at 2-3.)  With those findings, defendant's Guidelines range was 37-46 months on the conspiracy and theft counts, for a total Guidelines range of 61-72 months, including the two-year mandatory consecutive minimum sentence on the identity theft counts.  (Id. at 3-4.)  See also U.S.S.G. Ch. 5 Part A.

The government recommended a 40% downward departure from the bottom of the Guidelines on the conspiracy and theft

supplement filed by the federal defender, which is currently pending.  (Docket Nos. 272, 288.)  This order expresses no opinion as to defendant Ross' motion.

1    counts due to defendant's cooperation and assistance.  (Id. at 4-

2    8.)  However, the court found the facts of this case "egregious"

3    and determined that the government's recommended sentence was not

4    sufficient to satisfy the purposes in sentencing under 18 U.S.C.

5    § 3553(a), notwithstanding defendant's cooperation, "taking into

6    account the rights and concerns of all of those victims that he

7    took advantage of by virtue of his position at the Social

8    Security Administration."  (Id. at 21-25.)  Instead, the court

9    found that a 33% downward departure on the conspiracy and theft

10   counts was more appropriate, although observing that such

11   departure was "generous" to the defendant.  (Id. at 24-25.)

12   Ultimately, the court sentenced defendant to 24 months on the

13   conspiracy and theft counts and gave the mandatory minimum

14   consecutive sentence of 24 months on the aggravated identity

15   theft count.  (Id. at 25.)

16   II.  Discussion

17          Section 3582(c)(2) allows a federal court to "modify a

18   term of imprisonment" where "a defendant [was] sentenced . . .

19   based on a sentencing range that has subsequently been lowered by

20   the [United States] Sentencing Commission."  18 U.S.C. §

21   3582(c)(2).  The United States Supreme Court held in Dillon v.

22   United States, 560 U.S. 817 (2010) that Section 3582(c)(2)

23   involves "a two-step inquiry."  Id. at 826.  "A court must first

24   determine that a reduction is consistent with [the policies set

25   forth in] § 1B1.10" of the Guidelines ("Section 1B1.10").  Id.

26   "At step two of the inquiry, § 3582(c)(2) instructs a court to

27   consider any applicable § 3553(a) factors and determine whether,

28   in its discretion, the reduction authorized by reference to the

policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827. Because the parties agreed that step one is met, the court must decide whether to exercise its discretion given the circumstances of this case.

The court acknowledges defendant's attempts at rehabilitation, including earning his GED and taking various courses, his progress toward restitution, and his lack of disciplinary issues. The court also recognizes that defendant's new Guidelines range under Amendment 821 is now 30-37 months on the conspiracy and theft counts, because his total offense level was reduced to 19 under Amendment 821. See U.S.S.G. Ch. 5 Part A. Applying a 33% reduction, comparable to that given by the court at sentencing, to the new low end of the Guidelines would result in a 20-month sentence on the conspiracy and theft counts, or a total 44 month sentence when combined with the 2-year mandatory minimum sentence for identity theft -- the sentence requested by defendant in this motion.

Nevertheless, for the following reasons the court declines to reduce defendant's sentence. As noted at sentencing, defendant benefitted from the government's agreement that the actual loss amount was less than $500,000, significantly less than the presentence report's determination that it was $697,000. This agreement, accepted by the court, had the effect of reducing defendant's total offense level by two levels. (See Docket Nos. 195 at 11-12; 219 at 2-3.) Defendant's cooperation and compliance with pretrial services requirements were also already taken into account at sentencing, with the court reluctantly

4

1   agreeing to a substantial downward departure.

2          Most importantly, a reduction in sentence is

3   inappropriate given the nature of defendant's heinous offense and

4   its impact on his victims.  As the court explained at sentencing,

5   "Mr. Willis used his position of trust to steal from over 200

6   Social Security beneficiaries to take their money.  These people

7   were dependent on the Social Security Administration for their

8   livelihood, and he committed over 200 thefts from those

9   individuals."  (Docket No. 23 at 21.)  The court further noted

10  that "[t]here's no amount of money that can compensate most of

11  those people for what they tell me they have lost."  (Id. at 10;

12  see also Docket No. 195-3 (victim impact statements).)  Moreover,

13  some of these victims have submitted statements opposing

14  defendant's current request.  (Docket No. 284-1 Ex. 2.)  Under

15  these circumstances, notwithstanding defendant's status as a zero

16  point offender and his record after sentencing, a sentence

17  reduction is not warranted.  Accordingly, defendant's motion for

18  a sentence reduction under Amendment 821 (Docket No. 279) is

19  DENIED.

20          IT IS SO ORDERED

21  Dated:  October 28, 2024

                              WILLIAM B. SHUBB
22                            UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                                  5